UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MOSES LUGO and CHERYL SEATON,

                Plaintiffs,

- against -

THE CITY OF TROY, NEW YORK,

                Defendant.

**AMENDED ANSWER**

Civil Case No.: 1:19-cv-00067
                (GLS/TWD)

---

Defendant, THE CITY OF TROY, NEW YORK, by and through its attorneys, Napierski, VanDenburgh, Napierski & O'Connor, LLP, for its Amended Answer to plaintiffs' Complaint, states the following upon information and belief:

## JURY DEMAND

1. Answering defendant hereby demands a trial by jury as to all issues so triable.

## PRELIMINARY STATEMENT

2. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Complaint.

3. Denies the allegations contained in paragraph "2" of the Complaint.

## JURISDICTION

4. Denies the allegations contained in paragraphs "3" and "4" of the Complaint and refers all issues of law to the Court.

## VENUE

5. Admits that defendant is located within the confines of the Northern District of New York, and otherwise denies the allegations contained in paragraph "5" of the Complaint.

## PARTIES

6. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs "6", "7" and "8" of the Complaint.

7. Admits the allegations contained in paragraph "9" of the Complaint.

8. The allegations contained in paragraph "10" of the Complaint involve an issue of law to which no response is required. To the extent an admission or denial is required, defendant denies the allegations.

## STATEMENT OF FACTS

9. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs "11", "12", "13", "14", "15", "16", "17", "18", "19", "20", "21", "28", "29" and "44" of the Complaint.

10. Denies the allegations contained in paragraphs "22", "30", "31", "36", "37", "38", "39", "40", "41", "42", "43", "45", "46", "47", "48", "49", "50", "51", "52", "53", "54", "55", "58", "59", "60", "61", "62", "63" and "64" of the Complaint.

11. Admits that there are public sidewalks, curb cuts, crosswalks, and road within the City of Troy, and otherwise denies the allegations contained in paragraph "23" of the Complaint.

12. The allegations contained in paragraphs "24", "25", "26", "27", "32", "33", "34 (a-h)", "35", "56" and "57" of the Complaint involve an issue of law to which no response is required. To the extent an admission or denial is required, defendant denies the allegations.

**AS AND FOR AN ANSWER TO THE FIRST CLAIM FOR RELIEF
VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT**

13. Defendant re-alleges and incorporates herein all previous alleged paragraphs of the Answer.

14. The allegations contained in paragraphs "66", "67", "68", "69", "70", "71", "72", "73", "74", "75", "76", "77", "78", "79", "82", "83" and "86" of the Complaint involve an issue of law to which no response is required. To the extent an admission or denial is required, defendant denies the allegations.

15. Denies the allegations contained in paragraphs "80", "81", "84" and "85" of the Complaint.

**AS AND FOR AN ANSWER TO THE SECOND CLAIM FOR RELIEF
VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973**

16. Defendant re-alleges and incorporates herein all previous alleged paragraphs of the Answer.

17. The allegations contained in paragraphs "88", "89", "90", "91", "92", "93", "94", "95" and "96" of the Complaint involve an issue of law to which no response is required. To the extent an admission or denial is required, defendant denies the allegations.

18. Denies each and every allegation in the Complaint not otherwise specifically admitted or denied.

**DEFENSES**

By pleading the Defenses set forth herein, defendant is not conceding that it has the burden of proof or persuasion with respect to any asserted Defense, and defendant

is therefore not waiving its right to demand that any burden that legally falls on the plaintiffs shall remain the plaintiffs' burden.

## AS AND FOR A FIRST DEFENSE

The above-entitled action may not be maintained against the defendant as there has not been compliance with section 15-1 of the Troy City Code insofar as there has been no prior written notice of any unsafe, damaged, or dangerous condition.

## AS AND FOR A SECOND DEFENSE

Plaintiffs have failed to name necessary party(ies) in this action.

## AS AND FOR A THIRD DEFENSE

Defendant's liability, if any, shall be apportioned with any other such person causing or contributing to the total liability in accordance with each party's share of any such liability.

## AS AND FOR A FOURTH DEFENSE

Plaintiffs are not entitled to injunctive relief.

## AS AND FOR A FIFTH DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SIXTH DEFENSE

The defendant, The City of Troy, New York, is entitled to qualified immunity from the prosecution of this action.

## AS AND FOR A SEVENTH DEFENSE

At those times mentioned and described in the plaintiffs' Complaint, the defendant, The City of Troy, New York, was a governmental entity whose officials performed discretionary functions, and their conduct did not violate clearly established statutory or

constitutional rights of which a reasonable person would or should have known and that by reason thereof they were absolutely or qualifiedly immune from liability in this action.

### AS AND FOR AN EIGHTH DEFENSE

Defendant has immunity from liability for determinations based upon its allocation of limited public resources.

### AS AND FOR A NINTH DEFENSE

Plaintiffs lack standing to bring this action.

### AS AND FOR A TENTH DEFENSE

The claims and causes of action set forth in the Complaint are barred by the applicable statute of limitations.

### AS AND FOR AN ELEVENTH DEFENSE

Plaintiffs' claims are barred in that they have failed to timely serve and/or file a Notice of Claim in accordance with section 50-e of the New York General Municipal Law.

### AS AND FOR A TWELFTH DEFENSE

Plaintiffs have failed to mitigate their damages.

### AS AND FOR A THIRTEENTH DEFENSE

Plaintiffs' injuries were caused by the negligence or want of care of the plaintiffs, or of other third-parties over which/whom defendant has no responsibility, ability, or duty to control.

### AS AND FOR A FOURTEENTH DEFENSE

Plaintiffs have failed to exhaust state and/or administrative remedies.

### AS AND FOR A FIFTEENTH DEFENSE

The accommodations and/or modifications demanded in plaintiffs' Complaint would require defendant to take action that would result in a fundamental alteration in the nature of a service, program, or activity, and/or an undue financial and administrative burden.

### AS AND FOR A SIXTEENTH DEFENSE

The accommodations and/or modifications demanded in plaintiffs' Complaint would require defendant to take action that would threaten or destroy the historic significance of historic properties.

### AS AND FOR A SEVENTEENTH DEFENSE

The facilities and/or locations referred to in the Complaint were and are in compliance with previously-defined laws, statutes, and prevailing standards applicable to access for those with disabilities, or are otherwise exempt from provisions of the Americans with Disabilities Act, and therefore, defendant enjoys the advantages of any applicable safe harbor provisions in the Act.

### AS AND FOR AN EIGHTEENTH DEFENSE

At best, plaintiffs' factual assertions state nothing more than state tort claims. Therefore, this Court lacks subject matter jurisdiction over those claims, and to the extent any federal claims are dismissed, the state claims should be dismissed for lack of a basis for pendent or ancillary jurisdiction.

### AS AND FOR A NINETEENTH DEFENSE

Plaintiffs' claims are moot.

**WHEREFORE**, defendant The City of Troy, New York demands judgment dismissing the Complaint herein, together with attorneys' fees and the costs and disbursements of this action.

Dated:  March 19, 2019		NAPIERSKI, VANDENBURGH,
					NAPIERSKI & O'CONNOR, LLP


					By:  s/ Thomas J. O'Connor
						THOMAS J. O'CONNOR
						Bar Roll No.:  102285
						ANDREW S. HOLLAND
						Bar Roll No.:  517545
					*Attorneys for Defendant,*
					 *The City of Troy, New York*
					296 Washington Avenue Extension, Suite 3
					Albany, New York 12203
					Telephone: (518) 862-9292


TO:	Benjamin Thapa, Esq.
	Simeon Goldman, Esq.
	DISABILITY RIGHTS NEW YORK
	*Attorneys for Plaintiffs*
	725 Broadway, Suite 450
	Albany, New York 12207
	Telephone:  (518) 432-7861
	Facsimile:  (518) 427-6561