UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MOSES LUGO et al.,

                Plaintiffs,

                v.

THE CITY OF TROY, NEW YORK,

                Defendant.
_____

1:19-cv-67
(GLS/TWD)

**APPEARANCES:**

**FOR THE PLAINTIFFS:**
Disability Rights New York
279 Troy-Schenectady Rd
Ste 9, #236
Rensselaer, NY 12144

25 Chapel Street, Suite 1005
Brooklyn, NY 11201

**FOR THE DEFENDANT:**
Napierski, Vandenburgh Law Firm
296 Washington Avenue Extension
Albany, NY 12203

**OF COUNSEL:**

ERICA MARIE MOLINA, ESQ.
CHRISTINA ASBEE, ESQ.

AMANDA BROOKE
PEARLSTEIN, ESQ.
EMMA M. STERN, ESQ.

THOMAS J. O'CONNOR, ESQ.
RONNIE SILLS LINDBERG,
ESQ.

**Gary L. Sharpe**
**Senior District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiffs Moses Lugo and Cheryl Seaton commenced this action

against defendant the City of Troy, New York pursuant to the Americans with Disabilities Act[1] (ADA) and Section 504 of the Rehabilitation Act of 1973.[2]  (Compl., Dkt. No. 1.)  Now pending is plaintiffs' motion for summary judgment, (Dkt. No. 72), and Troy's cross-motion to dismiss for lack of subject matter jurisdiction, and, in the alternative, for summary judgment, (Dkt. No. 80).  For the reasons stated below, Troy's motion is granted, plaintiffs' motion is denied, and the complaint is dismissed for lack of subject matter jurisdiction.

## II.  Background[3]

Lugo is a resident of Troy with multiple sclerosis (MS), which impairs his ability to walk.  (Pls.' Statement of Material Facts (SMF) ¶¶ 11, 13, Dkt. No. 72, Attach. 2.)  As a result of Lugo's MS, he uses a motorized wheelchair.  (Pls.' SMF ¶ 14.)  On December 16, 2017, Lugo was traveling on Federal Street in Troy "when his wheelchair slid into a pothole in the pedestrian pathway, snapping off the front right wheel of the chair and ejecting him onto the ground."  (Pls.' SMF ¶ 20.)  Lugo then "crawl[ed] back

---

[1] *See* 42 U.S.C. §§ 12101-213.

[2] *See* 29 U.S.C. § 794.

[3] Unless otherwise noted, the facts are undisputed.

into his broken wheelchair" and returned to his apartment.  (Pls.' SMF ¶ 21.)  The pothole that caused Lugo's accident was patched approximately one week after the accident occurred.  (Dkt. No. 81, Attach. 1 ¶ 3.)

Seaton is also a Troy resident, who uses a motorized wheelchair due to a leg amputation that left her unable to walk.  (Pls.' SMF ¶ 26, 29.)  During the winter of 2017-2018, Seaton "hit a large gap in the pedestrian pathway between the sidewalk and the road while crossing" the street, and the resulting impact cracked her wheelchair's footrest, damaged its battery, and injured Seaton's back.  (Pls.' SMF ¶ 36.)  The damage ultimately rendered Seaton's wheelchair inoperable and she had to call a family member to pick her up.  (*Id.*)  While there is some dispute as to the exact location of Seaton's accident, (Pls.' SMF ¶ 36; Def.'s SMF ¶ 36, Dkt. No. 80, Attach. 1; Dkt. No. 81, Attach. 1 ¶ 12), the gap in the pedestrian pathway between the sidewalk and the road that caused Seaton's injury has been corrected,  (Dkt. No. 81, Attach. 1 ¶ 14).

### III.  Standard of Review

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of the complaint where the court lacks subject matter jurisdiction.  "The burden of proving jurisdiction is on the party asserting it." *Malik v. Meissner*, 82 F.3d

3

560, 562 (2d Cir.1996) (internal quotation marks and citation omitted). In reviewing a Rule 12(b)(1) motion, the court "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but . . . may not rely on conclusory or hearsay statements contained in the affidavits." *J.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004). "[M]ootness and lack of standing . . . are analyzed under the rubric of Federal Rule of Civil Procedure 12(b)(1)." *Equal Vote Am. Corp. v. Pelosi*, No. 19 Civ. 777, 2020 WL 1467319, at *2 (S.D.N.Y. Mar. 26, 2020) (citation omitted).

## IV.  Discussion

As relevant here, Troy argues that plaintiffs' complaint must be dismissed for lack of subject matter jurisdiction, because plaintiffs lack standing and their claims are moot. (Dkt. No. 80, Attach. 19 at 9-16.) Plaintiffs maintain that they have standing because they each suffered "injur[ies] in fact" and now face "a real and immediate threat of future injury" due to the fact that "[t]he pleadings and evidence plainly demonstrate that [Troy]'s pedestrian pathways are overwhelmingly noncompliant." (Dkt. No. 81 at 15.) Additionally, plaintiffs argue that, although the conditions that caused their injuries were remedied, the

4

conditions are expected to recur, and, therefore, their claims are not moot.[4] (*Id.* at 18.)

"[T]o invoke the jurisdiction of the federal courts, a disabled individual [bringing claims pursuant to the ADA] must satisfy the case or controversy requirement of Article III by demonstrating his standing to sue at each stage of the litigation." *Brown v. Mermaid Plaza Assocs.*, No. 13-cv-00760, 2018 WL 2722454, at *5 (E.D.N.Y. Mar. 8, 2018) (internal quotation marks and citation omitted). In order to establish standing, a plaintiff must demonstrate: "(1) injury in fact, which must be (a) concrete and particularized, and (b) actual or imminent; (2) a causal connection between the injury and the defendant[']s conduct; and (3) that the injury is likely to be redressed by a favorable decision." *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187 (2d Cir. 2013) (citation omitted).

"A plaintiff seeking injunctive or declaratory relief cannot rely on past injury to satisfy the injury requirement but must show a likelihood that he or she will be injured in the future." *Browne v. Hynes*, 720 F. App'x 92, 93

---

[4] Plaintiffs also argue that Troy's motion pursuant to Fed. R. Civ. P. 12(b)(1), is untimely, (Dkt. No. at 19-20), however, such an argument is unpersuasive because "[a] party may challenge subject matter jurisdiction at any time." *United States v. Assa Co.*, 934 F.3d 185, 188 (2d Cir. 2019).

5

(2d. Cir. 2018) (citation omitted); see *Dominguez v. Banana Republic, LLC*, No. 19-cv-10171, 2020 WL 1950496, at *2 (S.D.N.Y. Apr. 23, 2020) (noting that to have standing to seek injunctive relief "plaintiffs . . . must . . . prove that the identified injury in fact presents a 'real and immediate threat of future injury.'" (quoting *Shain v. Ellison*, 356 F.3d 211, 215 (2d Cir. 2004))).

An injury in fact "can take two forms: direct injury from personally encountering disability-based discrimination or deterrence from using [d]efendant's property because it is not ADA compliant." *Dominguez*, 2020 WL 1950496, at *3 (internal quotation marks and citation omitted); see *Kreisler*, 731 F.3d at 188. Further, "under certain circumstances, a claim under the ADA can become moot if a defendant remedies the [alleged violation] during the pendency of the litigation." *Bacon v. Walgreen Co.*, 91 F. Supp. 3d 446, 451 (E.D.N.Y. 2015) (citation omitted). Where the defendant remedies the alleged ADA violation, the case is deemed moot if the defendant demonstrates that: "(1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Clear Channel Outdoor, Inc. v. City of New York*, 594 F.3d 94, 110 (2d Cir. 2010).

6

Here, plaintiffs seek only declaratory and injunctive relief. (Compl. at 12-13.) Specifically, they seek "[a] declaration that [Troy]'s conduct . . . has violated and continues to violate [the ADA] and Section 504 of the Rehabilitation Act," "[a]n order and judgment enjoining [Troy] from violating [the ADA] and Section 504 of the Rehabilitation Act," and "[a]n order requiring [Troy] to develop and implement a remedial plan to cure existing barriers to access in order to provide meaningful access to Troy's pedestrian rights-of-way, including sidewalks, curb cuts, and pedestrian crossings."[5] (*Id.*)

For the reasons that follow, plaintiffs lack standing both to pursue any

---

[5] "At a minimum" plaintiffs' seek an order enjoining Troy to take the following actions: (1) "Ensure that pedestrian rights-of-ways are readily accessible and usable by persons with vision and mobility impairments;" (2) "Undertake prompt remedial measures to eliminate physical barriers to access for pedestrian rights-of-way in order to make such facilities accessible to [p]laintiffs in accordance with federal accessibility standards;" (3) "Maintain any existing accessible features of [Troy]'s pedestrian rights-of-way so that such features provide full usability for persons with vision and mobility impairments;" (4) "Ensure that all future new construction and alterations to sidewalks and streets results in the provision of pedestrian rights-of-way that are fully compliant with federal accessibility standards;" and (5) "Prepare a complete Self-Evaluation and Transition Plan that address the accessibility of streets and sidewalks in compliance with . . . the ADA and Section 504." (Compl. at 12-13.) Plaintiffs do not seek compensatory relief.

7

remedy that spans beyond the two sites where they were allegedly injured and for retrospective declaratory relief with respect to the sites of their injuries. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 105, 109 (1983) (conducting remedy-specific standing inquiries). Additionally, plaintiff's lack standing to pursue the prospective relief they seek related to the sites of their injuries and/or their claim is moot.

With respect to the relief sought by plaintiffs that spans beyond the sites of their injures, although the complaint does contain generic allegations that the City of Troy, at-large, does not comply with the ADA, (Compl. ¶ 18), and that its noncompliance prohibits plaintiffs from accessing "areas of . . . Troy, including the core downtown area," (*id.* ¶ 22), such conclusory allegations are insufficient to confer standing. *See Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 77-78 (2d Cir. 2022) (finding that "conclusory claims" cannot establish an injury in fact under the ADA, and, thus, "[p]laintiffs failed to establish standing"); *see also Feltzin v. Stone Equities*, LLC, No. CV 16-6457, 2018 WL 1115135, at *10 (E.D.N.Y. Feb. 8, 2018), *report and recommendation adopted by* No. 16-CV-6457, 2018 WL 1114682 (E.D.N.Y. Feb. 26, 2018) (concluding that plaintiff lacked standing to bring ADA claims where "[p]laintiff list[ed] thirteen

alleged ADA violations in . . . his [c]omplaint, [but] conspicuously absent from . . . the [c]omplaint [we]re facts explaining how [p]laintiff interacted with and experienced [the alleged ADA] violations"). Additionally, plaintiffs' argument that they "both suffered injur[ies] in fact, and both are at risk of future injury whenever they attempt to navigate the City's sidewalks" because "[t]he pleadings and evidence plainly demonstrate that [Troy]'s pedestrian pathways are overwhelmingly noncompliant," (Dkt. No. 81 at 15), is without merit. Assuming that the specific injuries pleaded constitute injuries in fact, plaintiffs have not adequately alleged a threat of future injury. *See Harty v. W. Point Realty, Inc.*, 477 F. Supp. 3d 163, 168 (S.D.N.Y. 2020) (noting that, in order to confer standing in an ADA case, the "threat of future injury must be real and immediate, as opposed to merely conjectural or hypothetical." (internal quotation marks and citation omitted)); *see also Dominguez*, 2020 WL 1950496 at *4 (holding that, where plaintiff "fail[ed] to allege any nonconclusory facts of a real or immediate threat of injury, [p]laintiff lack[ed] standing to pursue injunctive relief under the ADA"). Accordingly, plaintiffs lack standing to pursue the sweeping, city-wide remedies sought in their complaint.

Further, plaintiffs lack standing to pursue any claim for prospective

9

relief related to the sites of their injuries, and/or their claim is moot, because the conditions giving rise to their injuries have been remedied by Troy, (Dkt. No. 81, Attach. 1 ¶¶ 3, 14), and plaintiffs' wholly speculative argument that "the conditions [causing their injuries] are expected to recur," (Dkt. No. 81 at 18), is without merit.  *See Bacon*, 91 F. Supp. 3d at 452 (finding, where the defendants remedied the barriers giving rise the ADA claim, that plaintiffs' argument that they would recur was "speculative at best" given that "plaintiff offer[ed] no reason whatsoever why defendant would wish to [reimpose the barrier], and . . . offer[ed] no evidence suggesting that [defendant] intend[ed] to" reimpose the barrier); *see also Browne*, 720 F. App'x at 93 ("A plaintiff seeking injunctive or declaratory relief cannot rely on past injury to [demonstrate standing without] . . . show[ing] a likelihood that he or she will be injured in the future." (citation omitted)).

Similarly, to the extent plaintiffs seek retrospective declaratory relief related to the two specific injuries alleged in their complaint, they lack standing, because, as mentioned above, the conditions giving rise to their injuries have been remedied by Troy, (Dkt. No. 81, Attach. 1 ¶¶ 3, 14), and are not expected to recur.  *See Browne*, 720 F. App'x at 93 (2d. Cir. 2018)

("A plaintiff seeking . . . declaratory relief cannot rely on past injury to satisfy the injury requirement but must show a likelihood that he or she will be injured in the future." (citation omitted)).

Because the court lacks subject matter jurisdiction over the matter,[6] Troy's motion is granted, and, accordingly, plaintiffs' motion for summary judgment, (Dkt. No. 72), is necessarily denied.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that plaintiffs' motion for summary judgment (Dkt. No. 72), is **DENIED**; and it is further

**ORDERED** that Troy's motion to dismiss, and, in the alternative, for summary judgment, (Dkt. No. 80) is **GRANTED**; and it is further

**ORDERED** that the complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk is directed to close this case; and it is

---

[6] The fact that plaintiffs are seeking attorneys' fees is insufficient to establish standing. *See W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 109 (2d Cir. 2008) (holding that an interest in recovering attorney's fees, alone, is insufficient to create Article III standing).

11

further

     **ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

October 27, 2022
Albany, New York

Gary L. Sharpe
U.S. District Judge